In the Matter of Douglas
O. BEERBOWER,
Petitioner.

No. 02S00–0704–DI–176.

Supreme Court of Indiana.

Dec. 10, 2010.

## PUBLISHED ORDER GRANTING CONDITIONAL REINSTATEMENT

On August 31, 2007, this Court entered an order suspending Petitioner for two years or as long as Petitioner was incarcerated for Operating a Vehicle While Intoxicated, whichever was longer, without automatic reinstatement. Petitioner entered into a treatment and monitoring agreement with the Indiana Judges and Lawyers Assistance Program ("JLAP") in 2006. Petitioner filed a petition for reinstatement on January 22, 2010. On November 17, 2010, the Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(18)(b), filed its recommendation that Petitioner be reinstated to the practice of law in Indiana conditioned on Petitioner's continued participation in JLAP.

A petition for reinstatement may be granted only if the petitioner proves to the Commission by clear and convincing evidence that:

(1) The petitioner desires in good faith to obtain restoration of his or her privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) The petitioner has complied fully with the terms of the order for discipline;

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs;

(9) The petitioner has taken the Multistate Professional Responsibility Examination (MPRE) within six (6) months before or after the date the petition for reinstatement is filed and passed with a scaled score of eighty (80) or above.

Admis. Disc. R. 23(4)(b).

This Court, being duly advised, finds that Petitioner should be reinstated as a member of the Indiana bar subject to probation of at least three years on the following terms and conditions:

(1) Petitioner shall continue his participation in JLAP.

(2) Petitioner shall have no violations of his JLAP agreement, the law, or the Rules of Professional Conduct during his probation.

(3) If Petitioner violates his probation, the Commission may petition the Court to revoke his probation and to re-impose his suspension without automatic reinstatement.

Petitioner's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

IT IS, THEREFORE, ORDERED that Petitioner's petition for reinstatement is granted and that Petitioner is conditionally reinstated as a member of the Indiana bar subject to the terms and conditions of probation stated above.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.